

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 3 C 1605 | DATE | 10/27/2004 |
| CASE TITLE | U.S.A. ex rel Theodore Weiss vs. Terry McCann | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For all the foregoing reasons, we deny the Section 2254 petition for writ of habeas corpus [3-1] brought by petitioner Theodore Weiss.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 9 200_ | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 19 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | OCT 2 9 2__ | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. THEODORE WEISS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> TERRY McCANN, Warden, Vienna ) <br> Correctional Center, ) <br> ) <br> Respondent. ) | No. 03 C 1605 <br><br> Wayne R. Andersen <br> District Judge <br><br> OCT 29 2004 |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the petition of Theodore Weiss for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994). For the following reasons, the petition for habeas corpus is denied.

## BACKGROUND

Petitioner, Theodore Weiss ("Weiss"), does not challenge the statement of facts set forth in the order of the Illinois Appellate Court affirming his conviction for residential burglary. *People v. Weiss*, No. 3-01-0515 (Ill. App. Ct. 2002). For purposes of federal habeas review, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e). Accordingly, we adopt the facts as our own.

On July 12, 2000, Theodore Weiss was charged by indictment with one count of residential burglary and one count of criminal damage to property. Following a jury trial, Weiss was convicted on the residential burglary count and sentenced to a prison term of twelve years.

The evidence presented at trial established that on July 5, 2000, Weiss burglarized the

1

home of his former girlfriend, Kimberly Beck. Weiss and Beck dated and lived together from January to December 1999, when he returned her keys and moved out. Weiss never signed her lease. According to Beck's testimony at trial, when she returned home after having had dinner with her son on the evening of July 5th, she found Weiss hiding against the cabinets in her kitchen. She asked Weiss to leave and he complied. She later called the police.

Beck testified that after Weiss left she found a butcher knife lying on the kitchen counter top and an eight-inch piece of duct tape stuck to the side of her refrigerator. She had not placed either the tape or the knife in those places in the morning when she left for work. She also found that her phone had been unplugged and that its power level was depleted. Beck testified that, when she had left for work in the morning, the phone was plugged in. Inside her bedroom, the police also later discovered nylons tied to her bedposts. The testimony at trial and the materials found inside Beck's apartment supported a reasonable inference by the jury that Weiss planned to unlawfully restrain Beck by forcing her with a butcher knife into her bedroom so that he could tie her to the bed with nylons.

At trial, Weiss testified regarding the July 5, 2000 incident and the events that led up to his entry of the apartment that evening. On July 3, 2000, Weiss testified that he brought a birthday card to Beck at her apartment, fixed her dryer and did some of her laundry. He testified that she then drove Weiss to his parents' home. The next day, on July 4, 2000, Weiss returned to Beck's home. He knocked for a while on the back door. When no one answered, he went around to the front door to ring the buzzer, but was met by the police. They informed him that Beck did not want him there. Weiss told the police that he kept clothes at the apartment and asked if he could get a shirt before leaving. The police refused, drove him to a motel, and told

him not to return to Beck's that night.

The following morning, on July 5, 2000, Weiss testified that Beck brought him a shirt at his motel and invited him to her apartment that night to celebrate her birthday. He testified that he arrived at the apartment around dinner time. He admitted that he no longer had keys. He testified that he intended to enter the home through an attic entranceway leading into Beck's bedroom. However, while he was walking across the rafters, he bumped his head and fell through the ceiling into the living room. Weiss claims that he tried to use duct tape to attach a towel over the hole in the ceiling. He testified that he thought he had thrown the tape away, but on seeing pictures, realized he was mistaken. He used a knife to square off the hole so that he could replace it later with drywall. When Beck returned home that evening, he testified that Beck told him she did not want to be with him that night and he left.

Upon motion for a directed verdict by the defense, the court dismissed the criminal damage to property charge. However, on November 22, 2000, the jury returned a guilty verdict on the residential burglary charge and the trial court sentenced him to a prison term of twelve years.

Weiss appealed his conviction and sentence to the Illinois Appellate Court. In his appeal, Weiss raised four issues, including whether (1) he received ineffective assistance of counsel; (2) the trial court committed reversible error; (3) the State committed prosecutorial misconduct; and (4) his sentence was excessive. The Illinois Appellate Court affirmed Weiss's conviction and sentence on July 9, 2002. *People v. Weiss*, No. 3-01-0515 (2002).

Following the Appellate Court's decision to affirm, Weiss filed a petition for leave to appeal to the Illinois Supreme Court containing the same claims he had raised in his direct

appeal. On December 5, 2002, the Illinois Supreme Court denied his petition for leave to appeal. *People v. Weiss*, 787 N.E.2d 168 (Ill. 2002).

On February 13, 2003, Weiss filed a petition for a writ of habeas corpus in the Southern District of Illinois. Because Weiss was convicted in Will County, which is situated in the Northern District of Illinois, the district judge ordered the petition transferred to this Court.

In his habeas petition, Weiss raises the following claims: (1) his Sixth Amendment right to effective assistance of counsel was violated because of the cumulative effect of his counsel's errors including (a) failing to object to irrelevant and prejudicial evidence of Weiss's other criminal conduct and improperly eliciting this information himself, (b) failing to object to testimony of defendant's conduct, (c) failing to object to the improper admission into evidence of several exhibits, (d) failing to submit jury instructions regarding evidence of other conduct and of the lesser included offense of criminal trespass to residence, (e) failing to call a material witness despite the fact that the witness was present at trial and asked to testify on Weiss' behalf, (f) failing to object to repeated improper and prejudicial comments made by the prosecutor during closing arguments, and (g) conceding Weiss's guilt on three occasions during closing argument; (2) the trial court committed reversible errors when it (a) improperly admitted prejudicial photographs into evidence, (b) failed to instruct the jury about the proper role of evidence of other instances of Weiss' guilt, (c) failed to answer a legitimate question asked by the jury during deliberations, and (d) failed to discharge trial counsel and allow Weiss to proceed on his own behalf; (3) the cumulative effect of the prosecutor's comments resulted in an unfair trial; and (4) the sentence imposed on Weiss was unduly harsh and the degree of his offense should be reduced from residential burglary to criminal trespass to residence.

## DISCUSSION

Federal courts may issue a writ of habeas corpus only if a petitioner demonstrates that he is "in [state] custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)(2000); *Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law."). Habeas relief under Section 2254 may be granted if a state court's judgment either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *Boss v. Pierce*, 263 F.3d 734, 738 (7th Cir. 2001). In addition, Section 2254 allows for habeas relief only if the state court decision lies "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any claims in state court first, or risk procedural default. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."). A petitioner must exhaust his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1995).

Here, exhaustion is not an issue. Weiss has exhausted his state court remedies for purposes of federal habeas review because he has no further avenues in state court through which to challenge his conviction. Thus, we turn to the merits of this petition and will address each of his claims in turn.

I. **Ineffective Assistance of Counsel**

Weiss argues that he was denied his Sixth Amendment right to effective assistance of counsel. The standard for reviewing a claim of ineffective assistance of counsel was set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* applies a two-prong analysis: (1) showing that counsel's performance was deficient; and (2) showing that the deficient performance prejudiced the defendant. *Id.* at 678. To prevail on his claim under the first prong, the petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* In reviewing challenged conduct, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* To satisfy the second prong of the *Strickland* test, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* This Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* Rather "[i]f it is easier to dispose of an ineffective assistance of counsel claim based on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed." *Id.*

Weiss first maintains that his trial counsel was ineffective for failing to object to allegedly irrelevant testimony, including references to a domestic abuse incident in May 2000, references

6

to his drunkenness and intoxication, and allegations that Weiss had, on previous occasions, broken into the victim's home and damaged items inside. He also maintains that his attorney was ineffective for failing to object to the admission of certain photographs that showed Beck and her injuries following the domestic abuse incident. Weiss also believed counsel was ineffective for having failed to call Weiss' father as a witness. He maintains that, but for his attorney's blunders, the result of the trial would have been different.

The Illinois Appellate Court rejected these arguments and held that decisions to object or not to object to evidence and which witnesses to call are matters of trial strategy left to counsel's discretion. *People v. Weiss*, No. 3-01-0515, slip op. at 8-9. As the court noted, counsel's failure to object to certain testimony was part of a strategic effort to discredit Beck by portraying her as temperamental and manipulative. *Id.* Because counsel's inaction was part of an overall trial strategy, the court held counsel's performance was not deficient under *Strickland*. *Id.* at 8.

We agree with the Illinois Appellate Court's application of federal law. Counsel's decision not to object to evidence or call Weiss' father was trial strategy subject to his discretion. *Id.* The trial transcripts reveal that Weiss' lawyer sought to discredit Beck by portraying her as temperamental and manipulative. Counsel suggested that Beck had reported the residential burglary in retaliation for an argument that ensued after she returned home and found Weiss in her kitchen. *Id.* at 8-9. Furthermore, he did not call Weiss' father because he did not want to undermine the credibility of his defense before the jury by introducing the testimony of a biased witness. *Id.* at 10. Because counsel's decisions were part of his trial strategy, we find that his performance was not deficient under *Strickland*.

Weiss also alleges that his trial counsel was ineffective for failing to submit jury

7

instructions on his behalf for the lesser included offense of criminal trespass to residence. The Illinois Appellate Court rejected this argument under the *Strickland* performance prong, noting that counsel was under no obligation to tender such an instruction because Weiss repeatedly insisted that he was not guilty of any crime. Thus, to tender alternate instructions and request that the jury make a finding with respect to criminal trespass, rather than residential burglary, would have been inconsistent with Weiss' defense that he was innocent of any crime. We agree with the appellate court's ruling.

Weiss also maintains that his trial counsel was ineffective for failing to object to allegedly improper prejudicial comments made by the prosecutor during closing arguments. The prosecutor's offending comment was that the "beyond a reasonable doubt" standard "is met each and every day . . . in this courtroom, and in courtrooms, courthouses all across the country." *Id.* at 11. Weiss also complains that his lawyer failed to object to the prosecutor's speculation concerning what might have happened had Weiss not left Beck's apartment on July 5th and made repeated references to him having lied throughout the trial.

The Illinois Appellate Court rejected Weiss' claims. It held the prosecutor's comments on the burden of proof were not violations of state law under *People v. Bryant*, 447 N.E.2d 301 (1983). Thus, Weiss' lawyer had no grounds to object in the first place. *People v. Weiss*, No. 3-01-0515, slip op. at 11. The court also held that the prosecutor's references to what might have happened on July 5th and references to Weiss lying were reasonable inferences drawn from the evidence. *Id.* at 11-12 (citing *People v. Jones*, 123 Ill.2d 387 (1988) (holding that a prosecutor is allowed wide latitude in closing arguments so long as his comments are based on the evidence or reasonable inferences that may be drawn from the evidence)). We agree that Weiss' lawyer had

no duty to object to the prosecutor's comments and cannot be found ineffective under the performance prong of *Strickland*.

Weiss further argues that he was denied effective assistance because his lawyer conceded his guilt in the closing argument. Counsel, in fact, admitted that Weiss knowingly and without authority entered Beck's apartment, which constitutes the first element of residential burglary. However, he argued the prosecution failed to prove the second element, which required that he enter the apartment with the intent to commit residential burglary. Counsel argued that Weiss "did not enter Beck's apartment with the intention to commit a felony . . . he entered the apartment so he could have a few beers while he waited for Beck to return home for their evening date." *Id.* at 12.

The Illinois Appellate Court rejected this claim under both of the *Strickland* prongs. First, the court held that counsel was not ineffective because he did, in fact, challenge the prosecution's theory that Weiss entered the victim's home with the intent to commit a felony. *Id.* Second, the court held that there was no reasonable probability that his closing affected the outcome of the proceedings because the proof that he committed residential burglary was overwhelming. *Id.*

We agree with the Appellate Court's application of federal law. The testimony presented at trial and the materials found inside Beck's apartment on July 5th support a reasonable inference by the jury that the defendant planned to unlawfully restrain Beck by forcing her with a butcher knife into her bedroom so that he could tie her up with nylons. A jury could reasonably conclude that Weiss' attempts to explain the presence and location of the items are not credible. Under *Strickland*, Weiss has failed to show either that his counsel's performance was deficient or

9

that the trial was prejudiced in any way by counsel's deficiencies. Thus, we reject his claim that he was denied his Sixth Amendment right to effective assistance of counsel.

## II. Trial Level Reversible Error

Weiss' second claim is that the trial court committed a number of reversible errors. First, he argues it committed reversible error when it improperly admitted prejudicial photographs portraying the victim's injuries from the domestic abuse incident in 2000, when Weiss allegedly slammed Beck's head repeatedly against the floor. Photographs revealed that Beck suffered bruises on both legs, one arm, and the back of her head. This claim, however, is not appropriately before this Court because it does not involve a federal constitutional question, but presents a pure question of state evidentiary law.

In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3)(2000). Federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764 (1990). With respect to evidentiary matters, it is well settled that "[t]rial rules regarding the admissibility of evidence in a state criminal trial are matters of state law" and that violations of such evidentiary laws generally "do not form the basis upon which federal habeas corpus relief can be granted." *Searcy v. Greer*, 768 F.2d 906, 910 (7th Cir. 1985).

Habeas review of state evidentiary law would be appropriate only if an erroneous evidentiary ruling was so prejudicial that it compromised the petitioner's due process right to a fair trial. *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2000). "This means that the error must have produced a significant likelihood that an innocent person has been convicted." *Id.* at 1053. In its review, the Illinois Appellate Court found the evidence was more than sufficient to

convict Weiss of residential burglary, and that it could not reasonably believe that the omission of these photographs would have resulted in a different verdict. Because this Court cannot sit to adjudicate claims which are premised on purported errors of state law and because there is no significant likelihood that Weiss is innocent of the crime for which he was convicted, we reject his claim that the trial court committed reversible error by admitting photographs related to the domestic abuse incident.

Weiss also argues the trial court committed reversible error when it declined to instruct the jury on the limited nature of evidence of other conduct the prosecution introduced in its case-in-chief. Weiss wanted the court to tender a jury instruction consistent with Rule 3.14 of the Illinois Pattern Jury Instructions. Because this is a question of the alleged omission of a jury instruction under state law, it cannot be entertained by this Court. Jury instructions "that contain errors of state law may not form the basis for federal habeas relief." *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (rejecting as a non-cognizable state law claim the habeas petitioner's allegation that he was denied due process when the trial court declined to give jury instructions in compliance with California's "standard jury instruction 2.50").

Weiss also argues the trial court erred when it failed to answer a question asked by the jury. During the course of its deliberations, the jury sent a written question to the trial judge asking that he clarify the word "restrain," which was used in conjunction with the prosecution's theory that the burglary was premised on Weiss' desire to commit an unlawful restraint. The trial court declined to define the term after the lawyers agreed there was no legal definition for the term. *People v. Weiss*, No. 3-01-0515, slip op. at 17. On appeal, the appellate court approved

11

the trial court's handling of the jury request and held that the court was not obligated to define the term because it was not a question of law that required further clarification under Illinois case law. *Id.* (citing *People v. Sparks*, 731 N.E.2d 987 (Ill. App. Ct. 2000)).

Like the previous claim, this question does not present an issue of federal constitutional law. This claim is based on the contention that the trial court failed to instruct the jury properly, an issue we are unable to consider on federal habeas review. *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

Weiss further argues that the trial court committed reversible error when it failed to discharge trial counsel and allow the petitioner to proceed on his own behalf. The Illinois Appellate Court held that the trial court was justified in denying Weiss' request to represent himself because he made the request two weeks after the trial ended. *People v. Weiss*, No. 3-01-0515, slip op. at 18. The court found the request untimely, and the trial judge had the discretion to deny it. *Id.* (citing *People v. Burton*, 184 Ill.2d 1 (1998)).

We agree with the Illinois Appellate Court that Weiss' constitutional rights were not violated by the trial court's action. Defendants have a right to proceed without the assistance of counsel. "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to his defense." *Faretta v. California*, 422 U.S. 806, 819 (1975). However, "although a defendant has a right to proceed pro se, a request must be made in a timely fashion." *United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988) (citing *United States v. Smith*, 780 F.2d 810 (9th Cir. 1986)). When a request to proceed pro se is untimely, a court may in its discretion deny the motion. *Id.* Here, Weiss' trial ended and the jury returned a guilty verdict on the residential burglary charge on November 22, 2000. Two weeks

12

later, on December 6, 2000, Weiss filed his first request for new counsel. Because this request was untimely under federal law, we reject his claim that his constitutional rights were violated when the trial court refused to discharge his lawyer.

### III. Prosecutorial Misconduct

Weiss next raises a cumulative error claim involving the purportedly inappropriate comments made by the prosecutor, which also form the basis of one of his ineffective assistance of counsel claims. Weiss alleges the prosecutor misstated his burden of proof, made improper references to the domestic abuse incident in 2000, and improperly speculated as to what might have happened at the victim's apartment on the day of the offense. Because the Appellate Court held that these comments were not improper under state law, it denied each on its merits. *People v. Weiss*, No. 3-01-0515, slip op. at 17.

This claim fails under federal law. To bring a successful prosecutorial misconduct claim, the petitioner must show that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). We agree with the Illinois Appellate Court when it determined that none of the prosecutor's comments was improper in the first place. The statements made by the prosecution were permissible under state law, which provides prosecutors wide latitude during closing argument. *People v. Williams*, 692 N.E.2d 1109 (1998). Since these comments were reasonable under state law and Weiss has provided no other evidence to show how they made his conviction a denial of due process, we too reject this claim on its merits.

## IV. Sentence Challenge

Weiss' final claim involves a challenge to his twelve-year sentence for residential burglary. The length of sentence imposed for the commission of a state felony is "purely a matter of legislative prerogative." *Rummel v. Estelle*, 445 U.S. 263, 274 (1980). "A federal court will not normally review a state sentencing determination which ... falls within the statutory limit." *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994). Thus, the only question before this Court is whether Weiss' sentence fell within the appropriate statutory limit.

An examination of the Illinois sentencing scheme in place at the time Weiss was convicted reveals that his sentence fell within the appropriate statutory limits. Weiss was convicted of residential burglary, a Class 1 felony, and faced a sentence of between four and fifteen years in prison for that charge. *See* 720 ILCS 5/19-3 (2003) (residential burglary is a Class 1 felony); 730 ILCS 5/5-8-1(a)(4) (2003) (minimum and maximum non-extended prison terms for Class 1 felony is between four and fifteen years). Weiss was sentenced to a prison term of twelve years, which falls within the applicable statutory limits for residential burglary. Thus, we cannot grant Weiss habeas relief on these grounds.

## CONCLUSION

For all the foregoing reasons, we deny the § 2254 petition for a writ of habeas corpus [3-1] brought by Petitioner Theodore Weiss. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: October 27, 2004

14